UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBIN DEPUTY, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:13-cv-412-JMS-DKL |
| | ) | |
| THE CITY OF SEYMOUR and | ) | |
| WILLIAM ABBOTT, | ) | |
| | ) | |
|     *Defendants.* | ) | |

## ORDER

Presently pending before the Court is a Motion to Transfer Cause to the New Albany Division filed by Defendants the City of Seymour and William Abbott (collectively, "the Defendants"). [Dkt. 14.]  The Defendants argue that this action should be transferred to the New Albany Division of the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a).  Plaintiff Robin Deputy opposes the Defendants' motion. [Dkt. 16.] For the following reasons, the Court concludes that it is inappropriate to transfer this action to the New Albany Division at this time.

### I.
#### BACKGROUND

The factual allegations contained in Ms. Deputy's Complaint are as follows.  Ms. Deputy is a resident of Crothersville, Indiana. [Dkt. 1 at 3.]  She was hired in March 2010 as a civilian employee of the City of Seymour, specifically as a police dispatcher for the police department. [*Id.* at 2.]  On the evening of August 25, 2012, Ms. Deputy was off-duty and attending an auction with her husband near their home, where she consumed alcohol. [*Id.* at 2-3.]  Around 8:30 p.m. that evening, Ms. Deputy received a voicemail on her cellphone from another dispatcher at the police department. [*Id.* at 2.]  In the voicemail, the caller asked if Ms. Deputy would be interest-

ed in working a shift beginning at 11 p.m. that night. [*Id.* at 3.] Ms. Deputy was not interested in or required to work that night, so she did not respond to the message. [*Id.*]

At approximately 10 p.m., Ms. Deputy returned to her home to find Jennings County Sheriff's Deputy Jeff Jones waiting for her. [*Id.*] Deputy Jones told Ms. Deputy that he was relaying a message from the City of Seymour's police department for Ms. Deputy to call the police station. [*Id.*] Ms. Deputy called and spoke to Sergeant Mike Cooper, who told her she was to come to work. [*Id.*] She told Sergeant Cooper she had been drinking and did not think she should be working. [*Id.*] Approximately 20 minutes later, Deputy Jones returned to Ms. Deputy's home and told her that he was there to administer a breath test ordered by Chief William Abbott. [*Id.* at 3-4.] Deputy Jones told Ms. Deputy that she was not legally required to take the breath test. [*Id.* at 4.] Ms. Deputy refused the test. [*Id.*] She worked the next two days for her regularly scheduled shift. [*Id.*] On August 28, 2012, at the end of her regular shift, Chief Abbott informed her that he was terminating her for refusing to submit to the breath test. [*Id.*]

In March 2013, Ms. Deputy filed this action against the City of Seymour and Chief Abbott in the Indianapolis Division of the Southern District of Indiana. [Dkt. 1.] She asserts federal claims under 42 U.S.C. § 1983, as well as state law claims for wrongful termination, invasion of privacy, and unlawful retaliation. [*Id.* at 5-6.]

## II.
### DISCUSSION

The Defendants ask this Court to transfer this action to the New Albany Division because (1) the material events took place in the New Albany Division; (2) all parties to this action reside in the New Albany Division; (3) any witnesses, material records, and evidence are located in the New Albany Division. [Dkt. 14 at 1.]

Ms. Deputy opposes the Defendants' request to transfer this action because (1) the City of Seymour is equidistant between Indianapolis and New Albany; (2) the parties' counsel and the assigned judicial officers are located in Indianapolis; (3) Ms. Deputy chose the Indianapolis Division and her choice should be given deference; and (4) the New Albany Division is not a "clearly more convenient" forum for this action. [Dkt. 16 at 1-2.]

### A.  Appropriateness of Venue

The parties agree that it was proper for this action to be filed in the Southern District of Indiana, but they disagree whether the Indianapolis Division is appropriate.

A civil action may be brought in a judicial district in which any defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or, if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the district court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391. When a district does not have a divisional venue rule, the action can be filed in any division within that district. *See Cody v. Dekalb Sanitary Dist.*, 1999 WL 417368, at *2 (N.D. Ill. 1999) (noting that since the district did not have a local rule requiring divisional venue, it was appropriate to file the complaint in any division within the district). Additionally, "[f]ederal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

In this case, venue is proper in the Southern District of Indiana under both § 1391(b)(1) and § 1391(b)(2) because the parties agree that the Defendants reside in this District and a substantial part of the events giving rise to the claim occurred in this district. First, pursuant to 28 U.S.C. § 1391(c), the Defendants reside in Jackson County, which is within the New Albany Di-

vision of the Southern District of Indiana. 28 U.S.C. § 94(b)(4). Therefore, venue is proper in the Southern District of Indiana pursuant to § 1391(b)(1). Second, the substantial events giving rise to this action occurred at Ms. Deputy's home in Jennings County, [dkt. 1 at 3], and the City of Seymour police headquarters, [*id.* at 4], in Jackson County, [*id.* at 2]. Both Jackson and Jennings counties are within the New Albany Division. 28 U.S.C. § 94(b)(4). Therefore, venue is also proper in this District pursuant to § 1391(b)(2).

Because the Southern District of Indiana does not have a divisional venue rule, it was not inappropriate for Ms. Deputy to file her action in the Indianapolis Division, even though no party resides in that Division and the substantial events did not occur there.[1] *See Cody*, 1999 WL 417368 at *2. However, under its inherent powers to administer its docket, the Court could still transfer this case to a different division if that division is clearly more convenient, as detailed in the analysis below.

### B. Factors the Court will Consider

Because venue is proper in this District and there is no divisional venue rule, the Court must analyze whether it should transfer this case from the Indianapolis Division to the New Albany Division, as the Defendants request.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant "has the burden of establishing, by reference to particular circumstances, that the transferee forum is *clearly* more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (emphasis added). The Court typically considers

---

[1] Ms. Deputy incorrectly alleges that Seymour is located in the Indianapolis Division, [dkt. 1 at 1], but it is located in Jackson County, which is within the New Albany Division, 28 U.S.C. § 94(b)(4).

four factors in deciding whether to transfer an action: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the *situs* of material events and access to proof; and (4) the interests of justice. *No Baloney Mktg., LLC v. Ryan*, 2010 WL 1286720, *10-12 (S.D. Ind. 2010).

As a general rule, the plaintiff's choice of forum will not be disturbed unless the four factors weigh substantially in favor of transfer. *Id.* at *10. "However, when a plaintiff sues outside of his home forum, that choice is given less weight, and the location of defendant's residence becomes more important in determining the convenience of the parties." *Lancer Ins. Co. v. Landers Explosives, Inc.,* 2008 U.S. Dist. LEXIS 61998, 20 (S.D. Ind. 2008) (citing *Kendall U.S.A., Inc. v. Cent. Printing Co.*, 666 F. Supp. 1264, 1268 (N.D. Ind. 1987)).

Because Ms. Deputy chose a division outside her home forum, the Court will give less weight to her choice. Moreover, Ms. Deputy indicated in her response brief that she chose Indianapolis because her counsel is located here, [dkt. 16 at 2], but convenience of counsel is not a permissible consideration under 1404(a), *Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Therefore, the Court will give little weight to her choice of forum.

The first two factors—the convenience of the parties and witnesses—do not weigh in favor of either party's position. All parties and potential witnesses reside in or near Seymour, [dkt. 14 at 1], which is essentially equidistant between the Indianapolis Division and the New Albany Division, [dkt. 16-1]. The distance to Indianapolis from Seymour is 65 miles (a one hour and four minute trip), whereas the drive to New Albany from Seymour is approximately 55 miles (a fifty-seven minute trip). [*Id.*] This seven minute difference in travel time is not definitive with regard to the convenience of the parties or witnesses. Therefore, the Court concludes that the first and second factors do not clearly weigh in favor of either party's argument.

The third factor, the *situs* of material events, weighs slightly in favor of transferring this action to the New Albany Division.  There are two material events at issue:  (1) the attempt to compel Ms. Deputy to submit to a portable breath test at her home in Jennings County, [dkt. 1 at 3], and (2) Chief Abbott's termination of Ms. Deputy in the parking lot of the police department headquarters in Jackson County, [*Id.* at 4].  Both counties are within the New Albany Division. 28 U.S.C. § 94(b)(4).  Although the *situs* of material events is within the New Albany Division, for practical purposes, it is equidistant between Indianapolis and New Albany, as described above.  Therefore, the Court concludes that the third factor weighs only slightly in favor of transferring this action to the New Albany Division.

The fourth factor, the "interests of justice," "relates to the efficient functioning of the courts," *Coffey*, 796 F.2d at 221, and weighs slightly in favor of transfer.  This element commonly includes such concerns as ensuring speedy trials and having a judge familiar with the applicable law try the case.  *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989).  In this case, however, there is no significant difference between the Indianapolis Division and the New Albany Division with regard to ensuring a speedy trial or having a judge familiar with the applicable law try the case.  Regardless of the division, the case will be presided over by one of the District Judges for the Southern District of Indiana, all of whom have comparable caseloads and knowledge of the law.

Under the umbrella of the "interests of justice" factor, the Court may also consider which district would supply a jury that could best apply community standards.  *Coffey*, 796 F.2d at 223 n.4 (considering "which district could a jury best apply community standards" within the "interests of justice" analysis.)  The Defendants will draw a jury from their home district, the Southern District of Indiana, regardless of whether this case is tried in the Indianapolis Division or the

New Albany Division. That said, the Defendants may also have an interest in drawing a venire from their home division—the New Albany Division. A jury from the New Albany Division may best apply community standards in this case because all parties reside in and all events occurred in that division. However, as Ms. Deputy points out, a vast majority of cases are resolved in the pretrial stages and do not actually proceed to trial. [Dkt. 16 at 3.] Therefore, due to the unlikelihood that this action will actually proceed to trial, at this time, the interests of justice factor weighs only slightly in favor of transfer. Should this case proceed to trial, however, this factor may dispositively weigh in favor of transferring this action to the New Albany Division so that a venire from that Division may be chosen.

### C. Weighing the Factors

Though the third and fourth factors weigh slightly in favor of transferring the case to the New Albany Division, the Defendants carry the burden of demonstrating that the New Albany Division is a *clearly* more convenient venue than the Indianapolis Division. *Coffey*, 796 F.2d at 219-20. The above analysis does not demonstrate that the New Albany Division is clearly more convenient at this time. However, should trial be necessary, the Court may reconsider this decision, if requested.

### III.
#### CONCLUSION

The Defendants' motion to transfer, [dkt. 14], is **DENIED WITHOUT PREJUDICE.** For the reasons stated herein, the Court determines that it is inappropriate to transfer this action to the New Albany Division at this time pursuant to 28 U.S.C. § 1404(a). However, the balance of the factors may change if this action proceeds to trial. This ruling is without prejudice to further consideration of the issue should a trial be necessary.

06/07/2013

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Rodney E. Farrow
FARROW & THOMPSON
farrow@farrowthompson.com

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com